J. H. Moss et al. v. Gulf, Colorado & Santa Fe Railway Company.

Decided May 18, 1907.

**1.—Bill of Exceptions—Stating Excluded Evidence—Practice.**

Permitting counsel to state in the hearing of the jury what he expected to prove by certain witnesses, whose testimony had been excluded upon objection by the opposite counsel, for the purpose of taking a bill of exception to the ruling of the court, is a matter within the discretion of the trial court, and will not be reviewed in the absence of an affirmative showing that the discretion has been abused to complainant's substantial injury.

**2.—Insufficient Culverts—Overflow—Evidence.**

In a suit for damage to crops alleged to have been caused by insufficient culverts in a railroad embankment it was permissible for defendant to prove that at a point in the valley near plaintiffs' land the water receded as quickly after the embankment was built as it did before, the amount of rainfall being the same.

**3.—Same—Charge.**

In a suit as above in which one of the alleged causes of damage to plaintiffs' crops was the increased velocity of the water through the culverts, a charge which instructed the jury to find for plaintiffs if any or all of the damage done plaintiffs was caused by the dam, embankment and culverts or openings, was not subject to the objection that it omitted said alleged cause of damage.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*Hale, Allen & Dohoney,* for appellants.—It is error for the court, for which a new trial should be granted, to permit counsel to state in the presence and hearing of the jury, what he can or proposes to prove by witnesses, when such testimony has been excluded on objection made by opposite counsel, and when such counsel requested the court to have the jury withdrawn while such statement was being made. McDuff v. Detroit Evening Journal Co., 22 Am. St. Rep., 674; Cleveland Paper Co. v. Banks, 48 Am. Rep., 335; 16 Am. & Eng. Ency. of Law, p. 528.

It is error for the court to admit evidence before a jury, as to overflow and damage to other land and crops, at the same time plaintiffs' crops were damaged, when there is no evidence to show that said other land and crops are similarly located, and with the same surroundings and conditions, and no evidence to show that

said other crops were no more subject to overflow than plaintiffs' crops. Gulf, C. & S. Fe Ry. Co. v. Locker, 78 Texas, 284; Gulf, C. & S. Fe Ry. Co. v. Nicholson, 25 S. W. Rep., 54; St. Louis & S. F. Ry. Co. v. Craigo, 10 Texas Civ. App., 244; Missouri, K. & T. Ry. Co. v. McGregor, 68 S. W. Rep., 711.

*J. W. Terry* and *A. H. Culwell,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—Appellants brought this suit against the appellee to recover damages for the destruction of their crops by overflows. It is alleged, in substance, that appellee, in building its railroad across Sulphur Creek bottom in Lamar and Delta Counties, a distance of about one and one-half miles, constructed an embankment of about eight feet high above the surface of the ground and left only two culverts or openings therein; that said culverts were too small to allow the water to flow in its natural way during rains, and insufficient for proper drainage according to the lay of the land; that appellee had built a dam across the channel of the creek for the purpose of storing water for its own use, which caused said creek to fill up with mud and drift; that appellants jointly leased for the years 1902, 1903 and 1904 about eighty-three acres of land lying partly in Lamar and partly in Delta County (the said creek being the dividing line between said counties), and on both sides of said railroad embankment; that during said years they had crops of corn, cotton, alfalfa and other produce growing on said land, and that said embankment, dam and insufficient culverts caused the water to collect and stand on said crops in the bottom above the embankment, and being forced to flow through said insufficient culverts a strong and unnatural current was created thereby, which passed upon and over said crops with much more speed, force and destruction than it would have done but for said obstructions and insufficient openings; that by reason of the water standing upon said land and crops and the washing of the same by said strong and rapid current, said crops were destroyed or injured to their damage in the sum of $3,600.75. The appellee pleaded general and special demurrers, a general denial and the statute of limitation of two years from a verdict and judgment in favor of appellee the appellants have appealed.

Appellants complain of the following proceedings: Appellee asked several of its witnesses if they were acquainted with the land in Sulphur Creek bottom and the crops growing thereon during the years 1903 and 1904, and if so, what effect the overflows occurring in said years had on the land and crops at a designated place, about two and one-half miles above the railroad embankment and appellants' crops, and at other places in said bottom nor near enough to said embankment to be affected thereby. Objection to the question was sustained, but appellee's counsel was, over appellants' objections, permitted to state to the court in the presence and hearing of the jury, for the purpose of saving a bill of exceptions to the court's ruling in excluding the proffered testimony, that he expected to prove by each of said witnesses in answer to the question asked, and that each of said witnesses would testify, if permitted to do so, that

the land and crops at the point asked about were washed and damaged in the same way and to the same extent as were the land and crops of appellants. The objection urged to the statement of counsel was, that if made in the hearing of the jury it would influence them in arriving at a verdict. We think no reversible error is here shown. Appellee having excepted to the action of the court in refusing to permit the witnesses to answer the question objected to by appellants, it became important for the trial court to know, and that the bill reserved to the court's action show, what the answer would have been in order that the ruling might be reviewed on appeal, and to allow the statement of it in the hearing of the jury, was a matter within the discretion of the trial court, which in the absence of an affirmative showing that this discretion has been abused to the substantial injury of appellants, they are not in a position to insist, because of its exercise, on a reversal of the case.

It is shown by bills of exception that after appellee's witnesses Miller and Hayes had testified that they had seen overflows of Sulphur Creek both before and since appellee's railroad was built, and saw the one in 1904 one-half or three-quarters of a mile above the railroad, Miller was permitted to testify, that "given the same amount of rainfall, the water did not seem to be any higher at that point since than before the railroad was built;" that "it took the water about the same time to recede from the bottom;" and Hayes was permitted to state that, at that point, "given the same amount of rainfall, he could not see any difference between the overflows before and since the railroad was built." Appellants objected to this testimony on the ground that there was no evidence to show that the surroundings and conditions at the point mentioned were the same as at the place where appellants' crops were growing, and that it was not shown that what would affect the action of the water and crops at that point would affect appellants' crops. The court's action in overruling these objections is made the basis of appellant's third assignment of error. We are of the opinion the decision of the question is not governed by the rule announced in the cases of Gulf, C. & S. F. Ry. Co. v. Locker, 78 Texas, 279, and Gulf, C. & S. F. Ry. Co. v. Nicholson, 25 S. W. Rep., 54, which have been cited by counsel in support of their contention. The character of the testimony admitted here and excluded in those cases is believed to be materially different. The purpose of the defendant in the case at bar was not to show that lands which could not have been affected by defendant's embankment and dam were overflowed and washed during the years in question the same as was appellants'; and such was not the effect of the testimony admitted. The witnesses were simply allowed to state, as has been seen, that at a point about one-half mile above the embankment they witnessed the overflows and could see no difference in them; that with the same amount of rainfall the water was no higher and receded within about the same length of time as it did before the embankment was built. One of the grounds of negligence charged being that the culverts left in appellee's embankment were insufficient to allow the water during heavy rainfalls to flow down the creek bottom without

being materially arrested by said embankment, the testimony objected to was material upon that issue, and offered in disproof of it. The point where the witnesses observed the water and its action was so near appellants' land that if it was no deeper there and took no longer time for it to recede, after the construction of the railroad embankment than before its construction the jury might reasonably conclude therefrom that the culverts were amply sufficient for the purpose designed, and that appellants' losses were in no way attributable to the negligence of appellee. We therefore hold that the court did not err in admitting the testimony.

The court in different paragraphs of its charge instructed the jury as follows:   (1) "That if said dam, embankment and culverts— diverted the water or any part thereof from its natural and usual course and caused it to flow over and upon said land leased by plaintiffs as alleged by them and by reason thereof plaintiffs' cotton, corn, potatoes and alfalfa were destroyed . . . . And if you further believe . . . that all or any of said damage, if any, was caused by said dam, embankment and culverts or openings which caused the water, if any, to flow over and upon or remain on plaintiff's land so leased and crops thereon, which otherwise would not have flowed over and upon or remained on said land and crops, then in either event you will find for plaintiffs, if you do not so find you will find for defendant.   (2) Defendant can not be held liable for any damage, if any, caused by the rain and overflows of water of Sulphur Creek, which would have flowed over and upon said land and crops or remained thereon had there never been constructed any dam, embankment and culverts by the defendant and not caused thereby.   (3) Allowing in each instance only such damage, if any, as was caused by said dam, embankment and culverts, causing the water, if any, to flow over and upon or remain on said crops longer than it otherwise would."   These charges are objected to on the ground that there was omitted from each of them one cause of the damage alleged, to wit: the "increased speed" of the water by reason of said dam, embankment and culverts which omission precluded the jury from finding for plaintiffs any damage they may have sustained on account of such increased speed of the water.   We think the objection is not well taken.   The increased velocity and force of the water, if any, was but one of the results of the alleged negligence on appellee's part in failing to provide sufficient culverts or openings in its railroad embankment; and the jury were distinctly told that if any or all of the damage done appellants was caused by the dam, embankment and culverts or openings to find for plaintiffs.   Clearly, this would include damage done by reason of any increased speed or velocity of the water.   If, however, it should be conceded that the main charge was imperfect because of the omission claimed, such omission did not constitute affirmative error, and it was supplied by the special charge given at appellants' request.   The contention that the charges complained of and the said special charge were conflicting and contradictory, is without merit.

We are also of the opinion that the assignment of error, by which it is contended that appellants were entitled to recover some portion of the damages claimed under the undisputed evidence, and therefore

the court erred in not granting them a new trial, should be overruled. The testimony was not undisputed as to any fact or group of facts essential to appellants' right of recovery. On the contrary, a case of controverted facts throughout was presented for the decision of the jury, and their verdict being warranted by the evidence it will not, under the settled practice of this State, be disturbed. The other assignments of error need not be discussed. It is believed, after a careful consideration of them, that they point out no reversible error.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.